LAURA E. DUFFY
United States Attorney
KYLE W. HOFFMAN
Assistant U.S. Attorney
State of California Bar No. 176095
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7651
Email: kyle.hoffman@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE E. TAYLOR,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA; CITY OF CHULA VISTA; RALPH PARTRIDGE; and DOES 1 TO 10 Inclusive,<br><br>Defendants. | Case No.: '15CV0586 DMS KSC<br><br>**NOTICE OF REMOVAL OF A CIVIL ACTION**<br><br>[28 U.S.C. §§ 1441 and 1442]<br><br>(Removed from Superior Court of California, County of San Diego, Case No. 37-2014-00028754-CU-OE-CTL) |

**TO: THE CLERK OF THE ABOVE-ENTITLED COURT**

**PLEASE TAKE NOTICE** that the United States of America, through its attorneys, Laura E. Duffy, United States Attorney, and Kyle W. Hoffman, Assistant U.S. Attorney, respectfully removes to this Court the above-captioned civil action from the Superior Court of California, County of San Diego, Case No. 37-2014-00028754-CU-OE-CTL. The grounds for this removal include the following:

1. On or about August 26, 2014, plaintiff Valerie E. Taylor ("Taylor") initiated this action as Case No. 37-2014-00028754-CU-OE-CTL in the Superior Court of California, County of San Diego. See Exhibit A.

2. In her original Complaint, Taylor named as defendants the City of Chula Vista, Ralph Partridge, and Does 1-10. See id. As to the Does in particular, Taylor alleged that she was "unaware of the true names and capacities, whether individual, corporate,

associate or otherwise, of defendants sued herein as DOES 1 through 10." Id. at par. 4. And Taylor further alleged that "each of the defendants named herein as a DOE is liable or responsible in some manner or fashion for the matters complained of herein" and that "at all times material hereto, each of the defendants named herein was acting as the agent, servant or employee of each of the remaining defendants, and in doing the things herein alleged was acting in the scope and course of such agency, service or employment." Id. at par. 5.

3. According to Taylor's original Complaint, "There exists in the United States a High Intensity Drug Trafficking Area Program ("HIDTA") under which three National Initiatives are established, with one being known as the National Marijuana Initiative ("NMI")." Id. at par. 7. Again according to Taylor's original Complaint, Taylor

> worked in the San Diego-Imperial regional HIDTA office continually since 2001. Initially, plaintiff worked as an employee of the federal government, retiring from that service on 12/28/2012, after which she immediately became an employee of CADFY (Californians for Drug Free Youth) still assigned to the national marijuana initiative HIDTA program doing exactly the same job. During this period of time, all employees working in the San Diego-Imperial HIDTA's downtown San Diego division, worked in the same office with coordination among all federal, state and local law enforcement agencies. The program is administered on a local level by defendant City . . . .

Id. at par. 7.

4. For its causes of action, Taylor's original Complaint alleged (1) sexual harassment/hostile work environment; (2) civil assault (against defendant Partridge); intentional infliction of emotional distress; and (4) negligent infliction of emotional distress. See id. at pars. 10-16, 17-20, 21-23, and 24-25.

5. On March 3, 2015, Taylor amended her Complaint to add CADFY as Doe No. 1 and HIDTA as Doe No. 2 defendants. See id. As to HIDTA, Taylor's Amendment to

Complaint states that "Plaintiff(s), being ignorant of the true name of a defendant when the complaint in the above-named case was filed, and having designated defendant in the complaint by the fictitious name of Doe No. 2 and having discovered the true name of the defendant to be 'High Intensity Drug Trafficking Area Program' aka 'HIDTA,' an agent/instrumentality of the United States, amends the complaint by inserting such true name in the place of such fictitious name wherever it appears in the complaint." Id. Taylor made a similar amendment to add CADFY or Californians for Drug Free Youth to her Complaint as Doe No. 1.

6. On March 11, 2015, Taylor's counsel provided a copy of Taylor's Complaint and its Amendments to counsel for the United States.

7. By amending her Complaint to name HIDTA as a defendant, and by providing her Complaint to counsel for the United States, Taylor purported to bring the HIDTA program into the California Superior Court litigation as a defendant.

8. The High Intensity Drug Trafficking Area ("HIDTA") program was established in 1990 by the Anti-Drug Abuse Act of 1988. See Pub.L. 100–690, 102 Stat. 4181, enacted November 18, 1988, H.R. 5210. HIDTA is a program run by the United States Office of National Drug Control Policy ("ONDCP"), which in turn is a component of the Executive Office of the President of the United States or the White House. See Citizens for Responsibility and Ethics in Washington v. Office of Admin., 559 F.Supp.2d 9, 16 (D.D.C. 2008); Joyce v. North Metro Task Force, 2011 WL 2669162 at n.2 (D.Colo. July 07, 2011); United States v. Barker, 2010 WL 4269404 at n.6 (W.D.Ark., October 14, 2010); see also 21 U.S.C. § 1501 et seq. (establishment of ONDCP); 21 U.S.C. § 1701 et seq. (reestablishment of ONDCP); CFR §1401.2 (Office of National Drug Control Policy—organization and functions); http://www.whitehouse.gov/ondcp/high-intensity-drug-trafficking-areas-program.[1]

[1] The HIDTA program provides assistance to federal, state, local, and tribal law enforcement agencies operating in areas determined to be critical drug-trafficking regions of the United States. The purpose of the HIDTA program is to reduce drug trafficking and production in the United States by increasing cooperation, intelligence-sharing,

9. Because HIDTA is a program administered by an office of the executive branch of the federal government – the ONDCP – a claim against HIDTA is a claim against the United States, and is properly removable from state to federal court.

10. Removal of this case is therefore appropriate pursuant to 28 U.S.C. §§ 1441 and 1442. Section 1442(a)(1) provides for removal in cases commenced in a state court against the United States, its agencies, and officers. See also Brumbaugh v. Walters, 2008 WL 250594 at *1 (W.D.Mo., January 29, 2008) (state case filed against director of ONDCP was properly removable to federal court: "This is the sort of case to which 28 U.S.C. § 1442(a)(1) was intended to apply.") Accordingly, this suit is properly subject to removal, without bond, under 28 U.S.C. § 1442(a)(l) because the action to be removed is against the United States pending in a state court located within this judicial district.

11. Pursuant to 28 U.S.C. § 1441(a), the above-captioned action also may be removed because the district courts of the United States have original jurisdiction over cases which arise under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1331.

12. As a further basis for removal, it is anticipated that the United States may raise several defenses to the complaint, including but not limited to, the following: (1) the United States' (and its agencies') sovereign immunity; and (2) the failure of Taylor to exhaust her administrative remedies, as well as other defenses.

---

coordination, and resource use among federal, state, local, and tribal law enforcement agencies. There are currently 28 HIDTAs, including one HIDTA along the Southwest Border: one of the SWB's HIDTA offices is in the San Diego-Imperial Valley Region. See http://www.whitehouse.gov/ondcp/high-intensity-drug-trafficking-areas-program; see also http://www.whitehouse.gov/ondcp/hidta-points-of-contact. "Notably, HIDTA does not employ personnel directly, but rather . . . is comprised of personnel contributed by the participating law enforcement agencies" including federal, state, and local agencies. McShane v. Ashcroft, 2004 WL 5561681 at *1 (S.D.Fla. Aug. 31, 2004).

13. As of this time, neither the summons nor the Complaint and its Amendments in the above-captioned civil action have been properly served on the United States Attorney for the Southern District of California or the Attorney General of the United States.

14. A copy of Taylor's Complaint and its Amendments, filed in the Superior Court of California, County of San Diego, Case No. 37-2014-00308157-SC- SC-CTL is attached pursuant to 28 U.S.C. § 1446(a). See Exhibit A.

**WHEREFORE,** Case No. 37-2014-00028754-CU-OE-CTL, now pending in the Superior Court of California, County of San Diego, is removed to this Court.

DATED: March 16, 2015

LAURA E. DUFFY
United States Attorney

/s/ Kyle W. Hoffman
________________________
KYLE W. HOFFMAN
Assistant U.S. Attorney
Attorneys for Defendant
United States of America