# Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
CIVIL BUSINESS OFFICE 3
CENTRAL DIVISION
2014 AUG 26 AM 1:09
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

CITY OF CHULA VISTA, a Municipality, RALPH PARTRIDGE, an individual; and DOES 1 - 10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

VALERIE E. TAYLOR

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
330 West Broadway, San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):*
37-2014-00028754-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
M. Richardson Lynn, Jr., WAGNER, LYNN & LUJAN, 16870 W. Bernardo Dr., Ste. 400, S.D., CA 92127

DATE: AUG 27 2014
*(Fecha)*

Clerk, by S.L. FRANKLIN, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

FILED
CIVIL BUSINESS OFFICE 3
CENTRAL DIVISION
2014 AUG 26 AM 1:09
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

M. Richardson Lynn, Jr. (CA Bar #051034)
WAGNER, LYNN & LUJAN
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: (858) 674-6949
Facsimile: (858) 674-6959

Attorneys for Plaintiff
Valerie E. Taylor

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| VALERIE E. TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHULA VISTA, a Municipality, RALPH PARTRIDGE, an individual; and DOES 1 - 10, Inclusive,<br><br>Defendants. | Case No. 37-2014-00028754-CU-OE-CTL<br><br>**COMPLAINT FOR DAMAGES FOR SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT; CIVIL ASSAULT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |

Plaintiff alleges as follows:

1. At all times material hereto plaintiff, VALERIE TAYLOR ("Plaintiff or "Taylor") was and presently is an adult female residing in the County of Riverside, State of California.

2. At all times material hereto defendant CITY OF CHULA VISTA ("City") was and presently is a municipality located in the County of San Diego, State of California, organized under the laws of the State of California. Defendant City at all times material hereto, employed more than fifty (50) persons and was an employer as defined in the California Fair Employment and Housing Act ("FEHA").

///

///

3. Plaintiff is informed and believes and thereon alleges that at all times material hereto defendant RALPH PARTRIDGE ("Partridge") was and presently is an individual residing in the County of Riverside, State of California.

4. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of defendants sued herein as DOES 1 through 10, inclusive, and sues said defendants by such fictitious names for that reason. When plaintiff ascertains the true names and capacities of said fictitiously named defendants, she will seek leave of Court to amend this pleadings to state said true names and capacities.

5. Plaintiff is further informed and believes and thereon alleges that each of the defendants named herein as a DOE is liable or responsible in some manner or fashion for the matters complained of herein. Plaintiff is further informed and believes and thereon alleges that at all times material hereto, each of the defendants named herein was acting as the agent, servant or employee of each of the remaining defendants, and in doing the things herein alleged was acting in the scope and course of such agency, service or employment.

6. The Superior Court for the State of California in and for the County of San Diego is the proper venue for the trial of this action because defendant City is located in San Diego County and because a substantial amount of the events which are alleged herein took place in the County of San Diego, State of California.

## FACTUAL BACKGROUND

7. There exists in the United States a High Intensity Drug Trafficking Area Program ("HIDTA") under which three National Initiatives are established, with one being known as the National Marijuana Initiative ("NMI"). Plaintiff has worked in the San Diego-Imperial regional HIDTA office continually since 2001. Initially, plaintiff worked as an employee of the federal government, retiring from that service on or about 12/28/2012, after which she immediately became an employee of CADFY (Californians for Drug Free Youth) still assigned to the national marijuana initiative HIDTA program doing exactly the same job. During this period of time, all employees working in the San Diego-Imperial HIDTA's downtown San Diego division, worked in the same office with coordination among all federal, state and local law enforcement agencies. The program is

administered on a local level by defendant City, working in conjunction with various law enforcement agencies. During this period of time, plaintiff has worked in the same office environment in close contact with various employees of the City of Chula Vista, including defendant Partridge, whose job title is Deputy Director of the San Diego-Imperial HIDTA.

8. Over a course of time beginning several years ago, Partridge has consistently engaged in a pattern of conduct which has harassed plaintiff on a sexual/gender basis and created a hostile working environment. Plaintiff complained about this conduct to her direct supervisor (Tommy LaNier) until he was terminated by the City of Chula Vista on or about October 16, 2013, to John Redman (Director of CADFY) and to Partridge himself, who is a supervisory employee of defendant City. No corrective action was ever taken regarding the offensive conduct of Partridge (as specifically alleged hereinbelow) until quite recently after Tommy LaNier filed his own lawsuit against defendant City complaining about retaliation for seeking to correct a hostile work environment and sexual harassment in the office.

9. The specific conduct about which plaintiff is complaining in regard to defendant Partridge is as follows:

a. Defendant Partridge continually came into plaintiff's office wanting to give her a hug, give her fist bumps, constantly unplugged her computer and other electronic items on her desk, loosened speaker wires and cable to the printer. Plaintiff admonished Partridge on various occasions that she was not comfortable with Partridge coming into her office literally every hour wanting to give her a hug or a fist bump, to which his response was consistently to laugh.

b. Defendant Partridge told plaintiff that it was his intention to retire to Colorado, to which plaintiff asked what his wife thought about moving from California to Colorado. Partridge replied that his wife would be dead in five years and that plaintiff was going to "love it in Colorado." Plaintiff had previously told Partridge that her brother's name was Ralph and that her father's name was also Ralph, to which Partridge replied, "Well, your next husband's name is going to be Ralph too." These comments stunned plaintiff, which she considered to be extremely inappropriate and made her feel very uncomfortable. Partridge told plaintiff that when he worked for the DEA his nickname was "donkey boy" which he said was given to him because when he worked out in the DEA issued

shorts and t-shirts, his penis hung out of his shorts. Plaintiff told Partridge that he did not want to hear these types of things and they were extremely inappropriate, to which Partridge simply repeated the story while plaintiff covered her ears, asking him to "please shut up;" but, Partridge just laughed and continued talking about the same subject. Partridge also told plaintiff how he had met his wife, which occurred while he was in the hospital for an appendectomy and his wife, who was a phlebotomist, was called into the room by a candy striper who had been tasked to shave Partridge for surgery. The candy striper was not comfortable doing it and when Partridge's future wife lifted up the blanket and saw how very "large" his penis was, she told the candy striper that she would "handle this." Having this information told to plaintiff by Partridge was extremely inappropriate behavior by Partridge and made plaintiff feel ashamed, uncomfortable, frightened and violated.

c. During the work day, early in the morning, before anyone other than LaNier and plaintiff were in the office, Partridge would often sneak down the hallway towards plaintiff on his hands and knees, then jump up to scare her. On one occasion, Partridge jumped up and pressed a horn device in his hand which made an extremely loud and startling noise causing plaintiff to be so scared and alarmed, she began to cry. Partridge sneaking down the hall on his hands and knees into plaintiff's office happened on various occasions even after Partridge was told it wasn't funny and to not do it again.

d. Over the weekend of January 19, 2013, after enduring months of constant unwanted attention of a harassing nature from Partridge, while out on a walk in plaintiff's residential neighborhood, Partridge drove his vehicle directly at plaintiff, causing her to back up a driveway of a house, very close to a closed garage door, causing plaintiff to fall backwards onto her rear end. This incident occurred on Via Cordoba, in the Red Hawk area of Temecula, California. Plaintiff did not immediately recognize the car or the driver of the car. Plaintiff got up to her feet and was able to look into the stopped vehicle and recognized that it was Partridge who was on his cell phone laughing. Plaintiff informed Partridge on the spot that he had badly scared her to which he did not respond except to laugh and drive off.

e. The following Wednesday, January 23, 2013, at the office, defendant Partridge came down to plaintiff and Tommy LaNier's offices and remarked to Tommy LaNier, "Did Val tell you I ran into her this weekend" and then Partridge laughed and walked away.

f. Plaintiff informed Partridge she was sick of the way he continued to treat her and was shocked by him driving his vehicle at her in this manner, scaring her. At the time of the incident, plaintiff was afraid that serious physical injury was going to be inflicted upon her by the driver of the vehicle coming directly at her. Plaintiff told Partridge that his conduct was abnormal, and plaintiff also stated to Partridge that if he happened to be out driving and saw her on the sidewalk and wanted to say hello, all he had to do was wave or perhaps honk his horn to get her attention. Partridge quickly dismissed this comment by saying that his "car horn did not work." Plaintiff overheard Tommy LaNier telling Partridge to quit bothering and harassing Valerie Taylor, to which Partridge became angry and remarked loudly and openly, within earshot of plaintiff, that he (Partridge) was "sick of that fucking cunt."

**FIRST CAUSE OF ACTION**

**(Sexual Harassment/Hostile Work Environment)**

10. Plaintiff incorporates and realleges all prior paragraphs of this complaint the same as though set forth in full.

11. In April, 2013, plaintiff was terminated from her employment at CADFY. In conjunction with this termination, plaintiff was informed by John Redman, Executive Director of CADFY, that defendant Partridge had told the Financial Management Committee for the HIDTA that plaintiff "didn't do anything" and that her job needed to be cut and replaced by a $40,000 a year lesser secretary position. June 14, 2013 was plaintiff's last day at this job. Shortly after termination, plaintiff applied for the new secretary position; and, after three interviews, was rehired, but at a substantially reduced salary and over the objection of defendant Partridge who told HIDTA director, Kean McAdam, that he (Partridge) was extremely unhappy that "that bitch came back." Since that date, plaintiff has continued to work at her job doing exactly the same work which she did previously, before her termination, but at a substantially reduced salary and in a similar hostile work environment.

12. The conduct of Partridge as alleged hereinabove towards plaintiff constitutes unlawful discrimination based on plaintiff's sex/gender, including sexual harassment, in violation of the FEHA. Specifically, plaintiff was subjected to unwelcome sexual advances, conduct and comments; the harassment was based on plaintiff's sex/gender; and, the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. (Lyle v. Warner Brothers Television Productions, 38 Cal.4th 264, 279 (2006); see, also, Fisher v. San Pedro Peninsula Hospital, 213 Cal.App.3d 590, 608 (1989); Thompson v. City of Monrovia, 186 Cal.App.4th 860, 876 (2010).) The City of Chula Vista is liable for such sexually harassing conduct creating an abusive and hostile working environment because it knew or should have known of the harassment and failed to take prompt remedial action. (Carter v. California Department of Veteran's Affairs, 38 Cal.4th 914, 930 (2006); State Department of Health Services v. Superior Court, 31 Cal.4th 1026 (2003).)

13. As a direct result of defendants' discriminatory actions against her, plaintiff has suffered, and continues to suffer, damages in the form of lost past wages and earnings and other employment benefits as well as future loss of earnings and benefits in a sum in excess of $100,000, the exact amount to be proven and established at time of trial. In addition, plaintiff has suffered and continues to suffer serious emotional distress, the exact amount of which will be proven and established at time of trial.

14. Defendants, and each of them, acted for the purpose of causing plaintiff to suffer financial loss and serious emotional distress and are, therefore, guilty of oppression, malice and despicable conduct towards plaintiff within the meaning of Cal.Civ.Code § 3294, justifying an award of exemplary and punitive damages in an amount to be established at trial.

15. On June 24, 2014, plaintiff filed a claim for damages with the City of Chula Vista. More than 45 days has passed from the filing of that claim without any action or response by the City of Chula Vista, as a result of which plaintiff is now entitled to file a lawsuit against defendant City of Chula Vista for the matters complained of in the claim.

16. Prior to the filing of this action, plaintiff filed an administrative complaint with the California Department of Fair Employment and Housing (DFEH) and the DFEH issued to plaintiff a "right to sue" letter.

**SECOND CAUSE OF ACTION**

**(Civil Assault — vs. Defendant Ralph Partridge)**

17. Plaintiff incorporates and realleges all prior paragraphs of this complaint the same as though set forth in full.

18. The conduct of defendant Partridge as hereinabove alleged in driving his vehicle at plaintiff put plaintiff in reasonable fear of serious personal harm and injury, thereby constituting the tort of civil assault against plaintiff. (Lowery v. Standard Oil Co. of California, 63 Cal.App.2d 1 (1944); Plotnik v. Melhaus, 208 Cal.App.4th 1590, 1603-1604 (2012).) Plaintiff was unaware of who was driving the vehicle directly at her until after she had been forced up a driveway close to the garage door and fell backwards, getting up and then discovering it was Partridge who was driving the car.

19. Plaintiff's extreme apprehension and fear of being struck by a vehicle being driven by Partridge constitutes civil assault, entitling plaintiff to recovery of damages for serious emotional distress as well as punitive damages against Partridge individually. Defendant Partridge either was or should have been aware that his conduct would create apprehension on the part of plaintiff of physical force and contact from the vehicle, which constitutes a civil assault. (Plotnik v. Melhaus, 208 Cal.App.4th at 1604.)

20. As a direct and proximate result of the civil assault by Partridge, plaintiff has suffered emotional distress damages in an amount to be ascertained and determined at time of trial, and is entitled to punitive damages in an amount to be proven and established at trial.

**THIRD CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

21. Plaintiff incorporates and realleges all prior paragraphs of this complaint the same as though set forth in full.

22. The conduct of defendant Partridge as hereinabove alleged was extreme and outrageous and was undertaken with the intention of causing, or with the reckless disregard of causing, emotional

distress to plaintiff. Plaintiff in fact sustained serious emotional distress by reason of defendant Partridge's outrageous conduct as hereinabove alleged. (Hughes v. Pair, 46 Cal.4th 1035, 1050 (2009).)

23. As a direct and proximate result of the foregoing conduct of defendant Partridge, plaintiff is entitled to recovery of compensatory damages for emotional distress in an amount to be established at time of trial, and also to an award of punitive damages in an amount to be established at trial because such conduct was undertaken with a reckless disregard of the rights of the plaintiff and such conduct was and is despicable within the meaning of Cal.Civ.Code § 3294.

## FOURTH CAUSE OF ACTION

**(Negligent Infliction of Emotional Distress)**

24. Plaintiff incorporates and realleges all prior paragraphs of this complaint the same as though set forth in full.

25. The conduct of defendant Partridge as hereinabove alleged in driving a motor vehicle directly at plaintiff created a tort of negligent infliction of emotional distress against plaintiff because defendant Partridge undertook the conduct specifically directed at plaintiff, and Partridge knew or should have known that such conduct was likely to produce serious fear, apprehension and distress to plaintiff based upon reacting to the danger of being struck by a vehicle, even though there was no actual physical contact to plaintiff. (Molien v. Kaiser Foundation Hospital, 27 Cal.3d 916 (1980); Restatement Third, Torts, § 37.)

26. As a proximate result of the foregoing, plaintiff is entitled to recover emotional distress damages in an amount to be proven and established at trial.

WHEREFORE, plaintiff prays for judgment as follows:

(1) For recovery of compensatory damages for past and future loss of earnings, wages and benefits of employment in an amount in excess of $100,000, the exact amount to be proven and established at trial;

(2) For recovery of emotional distress damages in an amount to be proven and established at trial;

(3) On the First Cause of Action, for recovery of an award of reasonable attorney's fees pursuant to Cal.Govt.Code § 12965(b);

(4) For an award of punitive damages against defendant Partridge in an amount to be proven and established at trial;

(5) For costs of suit incurred herein; and

(6) For such other and further relief as the Court deems just and proper.

WAGNER, LYNN & LUJAN

Dated: August 25th, 2014

By: ______________________
M. Richardson Lynn, Jr., Attorneys for Plaintiff, Valerie Taylor

# VERIFICATION

I, Valerie E. Taylor, declare and state as follows:

I am the Plaintiff in this action and I have read the foregoing complaint, know the contents thereof, and I certify that the same is true and correct of my own knowledge, except as to matters stated on information and belief, and, as to those matters, I believe them to be true.

Executed this 20th day of August, 2014, at San Diego, California

Valerie E. Taylor

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS: 330 W Broadway
CITY AND ZIP CODE: San Diego, CA 92101-3827
BRANCH NAME: Central
TELEPHONE NUMBER: (619) 450-7069

PLAINTIFF(S) / PETITIONER(S): Valerie E Taylor

DEFENDANT(S) / RESPONDENT(S): City Of Chula Vista et.al.

TAYLOR VS. CITY OF CHULA VISTA

**NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE**

CASE NUMBER: 37-2014-00028754-CU-OE-CTL

**CASE ASSIGNMENT**

Judge: Katherine Bacal

Department: C-69

**COMPLAINT/PETITION FILED:** 08/26/2014

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/06/2015 | 09:30 am | C-69 | Katherine Bacal |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

Superior Court of California
County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

## Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2014-00028754-CU-OE-CTL CASE TITLE: Taylor vs. City Of Chula Vista

**<u>NOTICE</u>: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**

**(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *<u>and</u>***
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**<u>Potential Advantages and Disadvantages of ADR</u>**

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

**<u>Most Common Types of ADR</u>**

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at <u>http://www.sdcourt.ca.gov/adr</u>.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

**Local ADR Programs for Civil Cases**

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):

- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice**

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | *FOR COURT USE ONLY* |
|---|---|
| PLAINTIFF(S): Valerie E Taylor | |
| DEFENDANT(S): City Of Chula Vista et.al. | |
| SHORT TITLE: TAYLOR VS. CITY OF CHULA VISTA | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2014-00028754-CU-OE-CTL |

Judge: Katherine Bacal Department: C-69

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

- ☐ Mediation (court-connected)
- ☐ Mediation (private)
- ☐ Voluntary settlement conference (private)
- ☐ Neutral evaluation (private)
- ☐ Non-binding private arbitration
- ☐ Binding private arbitration
- ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
- ☐ Non-binding judicial arbitration (discovery until 30 days before trial)
- ☐ Other (*specify e.g., private mini-trial, private judge, etc.*): ______________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* ______________________

Alternate neutral (for court Civil Mediation Program and arbitration only): ______________________

Date: ______________________ Date: ______________________

Name of Plaintiff Name of Defendant

Signature Signature

Name of Plaintiff's Attorney Name of Defendant's Attorney

Signature Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 08/27/2014 ______________________
JUDGE OF THE SUPERIOR COURT

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| M. Richardson Lynn, Jr. (SBN 051034)<br>WAGNER, LYNN & LUJAN<br>16870 West Bernardo Drive, Suite 400, San Diego, CA 92127<br>TELEPHONE NO 858-674-6949 FAX NO (Optional) 858-674-6959<br>ATTORNEY FOR (Name) Plaintiff, Valerie E. Taylor | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**03/03/2015** at 01:20:00 PM<br>Clerk of the Superior Court<br>By Melissa Reyes, Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>☒ CENTRAL DIVISION. HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., SUITE 1000, VISTA, CA 92081<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910 | |
| PLAINTIFF(S)<br>Valerie E. Taylor | JUDGE<br>Joan M. Lewis |
| DEFENDANT(S)<br>City of Chula Vista, etc., et al. | DEPT<br>C-65 |
| **AMENDMENT TO COMPLAINT** | CASE NUMBER<br>37-2014-00028754-CU-OE-CTL |

Under Code Civ. Proc. § 474:
FICTITIOUS NAME (Court order required once case is at issue)

Plaintiff(s), being ignorant of the true name of a defendant when the complaint in the above-named case was filed, and having designated defendant in the complaint by the fictitious name of

DOE NO. 1,

and having discovered the true name of defendant to be

Californians for Drug Free Youth, aka "CADFY," a business organization, form unknown,

amends the complaint by inserting such true name in place of such fictitious name wherever it appears in the complaint.

Date: March 3, 2015 ______________________

Signature

---

Under Code Civ. Proc. § 473:
NAME - Add or Correct (Court order required)

Plaintiff(s), having designated ☐ defendant ☐ plaintiff in the complaint by the name of

______________________,

and having discovered ☐ name to be incorrect and the correct name is ☐ defendant also uses the name of

______________________,

amends the complaint by ☐ substituting ☐ adding such name(s) wherever the name of

______________________,

appears in the complaint.

Date: ______________________ ______________________

Signature

---

**ORDER**

The above amendment to the complaint is allowed.

Date: ______________________ ______________________

Judge/Commissioner of the Superior Court

**PROOF OF SERVICE**
**C.C.P. §1013(A), C.R.C. 2003(3), 2005(i)**
*Taylor vs. City of Chula Vista, etc., et al.*
*San Diego Superior Court - Case No. 37-2014-00028754-CU-OE-CTL*

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 16870 West Bernardo Drive, Suite 400, San Diego, California 92127. On March 3, 2015, I served the following document(s) described as:

**AMENDMENT TO COMPLAINT (DOE 1 - CADFY)**

__ the original _✔_ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Phillip L. Kossy
(phillip.kossy@procopio.com)
Jaclyn A. Simi
(jaclyn.simi@procopio.com)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
619-238-1900
619-235-0398 (fax)
Attorneys for Defendant City of Chula Vista

Glen R. Googins, City Attorney
(ggoogins@ci.chula-vista.ca.us)
Bart C. Miesfeld, Sr. Assistant City Attorney
(bmiesfeld@ci.chula-vista.ca.us)
OFFICE OF THE CITY ATTORNEY
CITY OF CHULA VISTA
276 Fourth Avenue
Chula Vista, CA 91910
619-691-5037
619-409-5823 (fax)
Attorneys for Defendant City of Chula Vista

Penelope M. Deihl
Douglas H. Hoang
(dhoang@mpplaw.com)
MORRIS POLICH & PURDY LLP
1055 West Seventh Street, 24th Floor
Los Angeles, CA 90017
213-891-9100
213-488-1178 (fax)
Attorneys for Defendants Partridge

_✔_ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__ **BY ELECTRONIC SERVICE (E-MAIL):** Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification (email) addresses listed above.

_✔_ **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

**EXECUTED** on March 3, 2015, at San Diego, California.

[signature]
Tyla L. Jernigan

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number and address) | FOR COURT USE ONLY |
|---|---|
| M. Richardson Lynn, Jr. (SBN 051034)<br>WAGNER, LYNN & LUJAN<br>16870 West Bernardo Drive,Suite 400, San Diego, CA 92127<br>TELEPHONE NO 858-674-6949 FAX NO (Optional) 858-674-6959<br>ATTORNEY FOR (Name) Plaintiff, Valerie E. Taylor | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**03/03/2015** at 01:20:00 PM<br>Clerk of the Superior Court<br>By Melissa Reyes,Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>☒ CENTRAL DIVISION. HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., SUITE 1000, VISTA, CA 92081<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910 | |
| PLAINTIFF(S)<br>Valerie E. Taylor | JUDGE<br>Joan M. Lewis |
| DEFENDANT(S)<br>City of Chula Vista, etc., et al. | DEPT<br>C-65 |
| **AMENDMENT TO COMPLAINT** | CASE NUMBER<br>37-2014-00028754-CU-OE-CTL |

Under Code Civ. Proc. § 474:
FICTITIOUS NAME (Court order required once case is at issue)

Plaintiff(s), being ignorant of the true name of a defendant when the complaint in the above-named case was filed, and having designated defendant in the complaint by the fictitious name of

DOE NO. 2,

and having discovered the true name of defendant to be

High Intensity Drug Trafficking Area (HIDTA), aka "HIDTA," an agent/instrumentality of the United States,

amends the complaint by inserting such true name in place of such fictitious name wherever it appears in the complaint.

Date: March 3, 2015 _______________ Signature

---

Under Code Civ. Proc. § 473:
NAME - Add or Correct (Court order required)

Plaintiff(s), having designated ☐ defendant ☐ plaintiff in the complaint by the name of

_______________,

and having discovered ☐ name to be incorrect and the correct name is ☐ defendant also uses the name of

_______________,

amends the complaint by ☐ substituting ☐ adding such name(s) wherever the name of

_______________,

appears in the complaint.

Date: _______________ _______________ Signature

---

**ORDER**

The above amendment to the complaint is allowed.

Date: _______________ _______________ Judge/Commissioner of the Superior Court

**PROOF OF SERVICE**
**C.C.P. §1013(A), C.R.C. 2003(3), 2005(i)**
*Taylor vs. City of Chula Vista, etc., et al.*
*San Diego Superior Court - Case No. 37-2014-00028754-CU-OE-CTL*

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 16870 West Bernardo Drive, Suite 400, San Diego, California 92127. On March 3, 2015, I served the following document(s) described as:

**AMENDMENT TO COMPLAINT (DOE 2 - HIDTA)**

__ the original __✔__ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Phillip L. Kossy
(phillip.kossy@procopio.com)
Jaclyn A. Simi
(jaclyn.simi@procopio.com)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
619-238-1900
619-235-0398 (fax)
Attorneys for Defendant City of Chula Vista

Glen R. Googins, City Attorney
(ggoogins@ci.chula-vista.ca.us)
Bart C. Miesfeld, Sr. Assistant City Attorney
(bmiesfeld@ci.chula-vista.ca.us)
OFFICE OF THE CITY ATTORNEY
CITY OF CHULA VISTA
276 Fourth Avenue
Chula Vista, CA 91910
619-691-5037
619-409-5823 (fax)
Attorneys for Defendant City of Chula Vista

Penelope M. Deihl
Douglas H. Hoang
(dhoang@mpplaw.com)
MORRIS POLICH & PURDY LLP
1055 West Seventh Street, 24th Floor
Los Angeles, CA 90017
213-891-9100
213-488-1178 (fax)
Attorneys for Defendants Partridge

__✔__ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__ **BY ELECTRONIC SERVICE (E-MAIL):** Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification (email) addresses listed above.

__✔__ **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

**EXECUTED** on March 3, 2015, at San Diego, California.

[signature]
Tyla L. Jernigan