LAURA E. DUFFY
United States Attorney
KYLE W. HOFFMAN
Assistant U.S. Attorney
State of California Bar No. 176095
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7651
Email: kyle.hoffman@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE E. TAYLOR,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA (originally sued as "HIDTA Program"); CITY OF CHULA VISTA; RALPH PARTRIDGE; and DOES 1 TO 10 Inclusive,<br><br>Defendants. | Case No.: 15-cv-00586-BAS-BLM<br><br>DECLARATION OF ASSISTANT U.S. ATTORNEY KYLE W. HOFFMAN IN SUPPORT OF DEFENDANT UNITED STATES OF AMERICA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br><br>DATE: June 29, 2015<br>COURTROOM: 4B (Schwartz)<br>JUDGE: Hon. Cynthia Bashant<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

I, KYLE W. HOFFMAN, declare are follows:

1. I am an Assistant U.S. Attorney and counsel for the United States of America in the above-captioned action. I have first-hand knowledge of the statements contained in this Declaration.

2. Attached hereto as Exhibit A are true and correct copies of ECF 161 and 161-1, in Morales v. H.I.D.T.A., Case No. 03-cv-00019-HB-GWC (D.V.I. Oct. 30, 2007), which I obtained electronically from the PACER system for the United States District Court of the Virgin Islands.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 28, 2015. s/ Kyle W. Hoffman

KYLE W. HOFFMAN

# Exhibit A

IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| AURELIANO MORALES, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| H.I.D.T.A., et al. | : | NO. 2003-19 |

**ORDER**

AND NOW, this 30th day of October, 2007, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the action is DISMISSED as to defendant High Intensity Drug Trafficking Area (H.I.D.T.A.).

BY THE COURT:

HARVEY BARTLE III C.J.
SITTING BY DESIGNATION

ATTEST:
WILFREDO MORALES
CLERK OF COURT

BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| AURELIANO MORALES, et al. | : | CIVIL ACTION |
| v. | : | |
| H.I.D.T.A., et al. | : | NO. 2003-19 |

MEMORANDUM

Bartle, C.J. October 30, 2007

Plaintiffs Aureliano Morales and Almando Gonzales have sued the H.I.D.T.A.,[1] the United States Government, the Government of the Virgin Islands, and Officer Alderman Santos. Plaintiffs allege that on February 19, 2001 a Virgin Islands Police patrol vessel called The Lightning I operated by defendant Santos collided with and sank their 14 foot fishing boat in Krause Lagoon in St. Croix. Plaintiffs assert negligence on the part of defendants and seek damages not only for the loss of their property but for physical and emotional injury to their persons.

Pending before the court is the motion of the United States Government for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. That Rule permits the court to enter judgment for the moving party if there are no genuine issues of material fact and the party is then entitled to

---

1. H.I.D.T.A. stands for "High Intensity Drug Trafficking Area."

judgment as a matter of law. See Celotex v. Catrett, 477 U.S. 317 (1986).

The United States Government contends that the Government of the Virgin Islands owned and operated The Lightning I at the time of the incident in question and accordingly that it has no liability to the plaintiffs. Plaintiffs maintain that disputes of fact remain whether the United States Government had an ownership interest in The Lightning I or, at a minimum, a principal/agent relationship with The Lightning I crew. They also seek additional discovery under Rule 56(f) of the Federal Rules of Civil Procedure.[2]

The undisputed facts in the record, all of which are admitted by co-defendant, the Government of the Virgin Islands, establish the following. The Virgin Islands Police Department purchased The Lightning I in September, 2000 with the federal funds obtained through a grant obtained by an association known as the Puerto Rico/United States Virgin Islands High Intensity Drug Trafficking Area ("PR/USVI H.I.D.T.A."). It is a cooperative effort of federal, state and local law enforcement agencies whose goal is to enforce federal and local criminal

---

2. Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

laws. The participating agencies prepare strategies and develop initiatives and implement them. The PR/USVI H.I.D.T.A. does not itself conduct law enforcement operations such as arrests or seizures of property.

At the time of the incident in issue, The Lightning I was owned, maintained, and operated by the Virgin Islands Police Department, an arm of the Government of the Virgin Islands. The vessel had a crew of four Virgin Islands police officers and was simply on routine patrol when it collided with and sank plaintiffs' fishing boat on February 19, 2001. The federal government was not involved in any way in the events of that evening. While at times The Lightning I participates in joint drug interdiction operations with the federal government, that was not the case here. Even when it is involved in a joint operation, however, The Lightning I is always under local control.

As noted above, plaintiffs also seek additional discovery under Rule 56(f) of the Federal Rules of Civil Procedure. Plaintiffs were given several lengthy extensions of time to obtain the discovery they wanted. Plaintiffs instituted this action on February 19, 2003. The United States Government filed its notice of motion for summary judgment on January 5, 2004. Plaintiffs countered with a motion under Rule 56(f) for additional discovery on January 26, 2004. The motion was granted on July 13, 2004. The United States Government filed a second notice of motion for summary judgment on January 10, 2005.

Plaintiffs again opposed the motion and filed a second motion under Rule 56(f) on February 22, 2005. This motion was granted on April 25, 2005. Then, on January 20, 2006 plaintiffs filed a third motion to extend the discovery deadlines in this case for thirty days. The Magistrate Judge denied the motion on March 29, 2006. Plaintiffs appealed the decision, and Chief Judge Finch remanded the matter for the Magistrate Judge to provide a further explanation of his order denying plaintiffs' motion. On December 14, 2006 the Magistrate Judge did so, stating: "Plaintiffs did nothing to advance the proceeding for well over a year ... the reasons upon which Plaintiffs base their motion are circumstances of their own making and do not justify further extension of the discovery deadline." It was not unreasonable for the Magistrate Judge to deny a further extension since plaintiffs had almost three years since the inception of the action to take discovery to secure any necessary evidence. Plaintiff's fourth motion under Rule 56(f) is without merit.

The claims against the United States are predicated on the Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918, and the Public Vessels Act, 46 U.S.C. §§ 31101-31113. The Suits in Admiralty Act provides:

> (a) **In general.**--In a case in which, if a vessel were privately owned or operated, or if cargo were privately owned or possessed, or if a private person or property were involved, a civil action in admiralty could be maintained, a civil action in admiralty in personam may be brought against the United States or a federally-owned corporation ....

46 U.S.C. § 30903(a).

It further states:

> If a remedy is provided by this chapter, it shall be exclusive of any other action arising out of the same subject matter against the officer, employee, or agent of the United States or the federally-owned corporation whose act or omission gave rise to the claim.

46 U.S.C. § 30904.

The Public Vessels Act is a narrower waiver of sovereign immunity. See United States v. United Continental Tuna, Corp., 425 U.S. 164, 168 (1976). It reads:

> (a) **In general.**--A civil action in personam in admiralty may be brought, or an impleader filed, against the United States for -
>
> (1) damages caused by a public vessel of the United States; ...

46 U.S.C. 31102(a)(1).

The Lightning I cannot be considered a public vessel of the United States. Petition of the United States, 367 F.2d 505, 509 (3d Cir. 1966). It is undisputed, as noted above, that at all relevant times The Lightning I was owned, maintained, and under the control of the Virgin Islands Police Department and not the federal government. The activities of The Lightning I on the evening of February 19, 2001 were carried out by and at the direction of local police officers with the federal authorities playing no role whatsoever. In no sense can the Virgin Islands Police Department be said to be an agent of the United States with respect to the operation of The Lightning I. On

February 19, 2001, the Virgin Islands Police Department was acting on its own behalf and not for the benefit or subject to the control or direction of the federal government. Servis v. Hiller Systems, Inc., 54 F.3d 203 (4th Cir. 1995); Petition of the United States, 367 F.2d at 509.

Moreover, the fact that federal funds were used by the Virgin Islands Police Department to purchase or even maintain The Lightning I is of no moment. As the Supreme Court observed in United States v. Orleans in discussing the Federal Tort Claims Act:

> Federal funding reaches myriad areas of activity of local and state governments and activities in the private sector as well. It is inconceivable that Congress intended to have waiver of sovereign immunity follow congressional largesse and cover countless unidentifiable classes of "beneficiaries." The Federal Government in no sense controls "the detailed physical performance" of all programs and projects it finances by gifts, grants, contracts, or loans.

425 U.S. 807, 816 (1976) (citation omitted).

Accordingly, the motion of the United States Government for summary judgment will be granted.

Finally, the United States Government seeks the dismissal of the PR/USVI H.I.D.T.A. on the ground that it does not have the capacity to be sued under Rule 17 of the Federal Rules of Civil Procedure. It provides:

> The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile .... In all other cases capacity to sue or be sued shall be

> determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States ....

Fed. R. Civ. P. 17(b).

Thus, it is the law of the Virgin Islands that dictates PR/USVI H.I.D.T.A.'s capacity to sue or be sued.[3] The plaintiffs have cited no authority, and this court has found none, that the PR/USVI H.I.D.T.A., a cooperative effort of federal, state and local law enforcement agencies, has the capacity to sue or be sued under the law of the Virgin Islands. Indeed, plaintiffs do not even respond to the United States' position that PR/USVI H.I.D.T.A. lacks the capacity to be sued but instead filed a notice of prior inconsistent position in which they argue that, in an unrelated case, the United States argued that H.I.D.T.A. was a federal agency. The United States Government did not in fact take the position that H.I.D.T.A. was a federal agency, but stated: "The Federal Defendants aver that HIDTA is not an agency of the United States but for these purposes it matters not ...." Even if PR/USVI H.I.D.T.A. were an agency of the United States Government, the uncontroverted evidence shows that on the night of the incident, The Lightning I was operated solely by the

---

3. The Federal Rules of Civil Procedure apply to the District Court of the Virgin Islands. Durant v. Husband, 28 F.3d 12, 15 (3d Cir. 1994).

Virgin Islands Police Department. While federal law enforcement agencies may request the Virgin Islands Police Department to provide marine assistance for specific enforcement activities, they did not do so on this occasion. It is undisputed that the Virgin Islands Police Department was not operating The Lightning I under the auspices of the United States Government or PR/USVI H.I.D.T.A.

In addition, the "unincorporated association" exception to Rule 17(b) is inapplicable. There is no indication from the text of the Rule, the case law leading to its adoption, the advisory committee notes, or the case law since its adoption that the Rule 17(b) exception applies to local government subdivisions, units, departments or agencies. Miller v. City of Philadelphia, 1997 WL 476352, *6 n.10 (E.D. Pa. Aug. 19, 1997) (citing Dean v. Barber, 951 F.2d 1210, 1214 n.4 (11th Cir. 1992)). Likewise, we see no reason to expand the exception to a hybrid like PR/USVI H.I.D.T.A.

Accordingly, we will dismiss the PR/USVI H.I.D.T.A. as a party.